762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTHUR IVERY, PLAINTIFF-APPELLANT,
v.
KENT STATE UNIVERSITY, DEFENDANT-APPELLEE.
 NO. 84-3918
 United States Court of Appeals, Sixth Circuit.
 3/29/85
 ORDER
 
 1
 BEFORE: ENGEL, MARTIN and KRUPANSKY; Circuit Judges.
 
 
 2
 Plaintiff requests counsel to represent him on appeal from the district court's judgment in this employment discrimination case filed under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sec. 2000e, et seq. (Act). This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the informal brief, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 In 1973 defendant hired plaintiff as part of its custodial staff. From 1976-77 plaintiff filed three employment discrimination charges against defendant with the Ohio Civil Rights Commission (OCRC). As part of a settlement agreement, plaintiff became an Audio Visual Technician in 1978. In October, 1980 a white female coworker complained that plaintiff had been sexually harassing her for over two years. Following an investigation, defendant discharged plaintiff. Plaintiff appealed to the Ohio State Personnel Board of Review (Board), which held for defendant. Plaintiff's appeal of the Board's decision was dismissed because he filed it in the wrong court.
 
 
 4
 On 9 February 1981 plaintiff filed discrimination charges with the OCRC alleging that defendant engaged in an unlawful discriminatory and retaliatory practice against him based on his race. The OCRC found no probable cause and dismissed the case. Plaintiff's reguest for reconsideration was denied, and he was given a right-to-sue letter on 5 August 1983.
 
 
 5
 On 3 November 1983 plaintiff commenced this action. He alleges that defendant's motive for discharging him was pretextual and that he was discharged in retaliation for having previously filed discrimination charges. He also alleges that defendant discharged him to keep from promoting him. Plaintiff seeks declaratory and injunctive relief, reinstatement to the job that he would be occupying had he not been discharged, backpay, costs, and attorney's fees.
 
 
 6
 The district court found that plaintiff did not make out a prima facie case of discrimination, and that even if the court were to hold that he had, defendant had articulated a legitimate, non-discriminatory reason for its decision. The court granted defendant's motion for summary judgment.
 
 
 7
 Upon consideration, this Court agrees with the conclusions of the district court. In essence plaintiff claims that defendant discharged him in retaliation for his having filed discrimination charges in 1976-77 and to avoid promoting him. Section 703(a) of the Act, 42 U.S.C. Sec. 2000e-2(a) makes it unlawful for an employer to discriminate against an employee because of the employee's race, and section 704(a) of the Act, 42 U.S.C. Sec. 2000e-3(a) makes it unlawful to retaliate against an employee for filing a charge under Title VII. To make out a prima facie case of retaliatory discharge under Sec. 704 of the Act, plaintiff must show that: 1) he was engaged in activity protected under Title VII; 2) he was the subject of adverse employment action; and 3) there exists a causal link between the protected activity and the adverse action by his employer. Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 375 (6th Cir. 1984); Burrus v. United Telephone Co. of Kansas, Inc., 683 F.2d 339, 343 (10th Cir. 1982), cert. denied, 459 U.S. 1071 (1983). If plaintiff makes out a prima facie case, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for its action, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Once defendant meets its burden of production, plaintiff must establish by a preponderance of the evidence that the non-discriminatory reason articulated by defendant was pretextual. Texas Department of Community Affairs, supra, 450 U.S. at 256. Since plaintiff clearly was engaged in protected activity when he filed his previous discrimination charges and he was adversely effected by his discharge, he need only to prove that there was a causal link between his discharge and his previous filing of employment discrimination charges. Plaintiff fails to meet his burden. Plaintiff's pleadings established that he successfully performed his job during the two years following his lawsuit. He points to no discriminatory actions by defendant during that time frame. Given the length of time between the discrimination charges and the discharge, we agree with the district court's conclusion that plaintiff failed to make out a prima facie case.
 
 
 8
 Plaintiff's claim that defendant discharged him to avoid promoting his is not supported by the record. Therefore, he fails to make out a case under McDonnell Douglas v. Green, supra. Since there was no genuine issue or material fact, the district court properly granted summary judgment for defendant. Rule 56(c), Federal Rules of Civil Procedure; Bouldis v. U.S. Suzuki Motor Corp., 711 F.2d 1319 (6th Cir. 1983).
 
 
 9
 Accordingly, it is ORDERED that the motion for counsel is denied, and the district court's judgment is affirmed under Sixth Circuit Rule 9(d)(3).